IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JAY D. LAMONT                                                                                           PETITIONER
Reg. #18172-045

v.                                               2:18cv00033-JLH-JJV

GENE BEASLEY, Warden                                                                         RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I. PROCEDURAL HISTORY

On October 6, 2005, Petitioner, Jay D. Lamont, pleaded guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Western District of Missouri. (Doc. No. 10 at 1.) The court sentenced him to 180 months' imprisonment to run consecutive to a Missouri state sentence he was already serving. *Id.* Mr. Lamont waived his right to appeal his sentence, directly or collaterally, on any ground, except for a sentence in excess of the statutory maximum or an illegal sentence. (Doc. No. 10-1 at 12.)

In 2016, Mr. Lamont filed a 28 U.S.C. § 2255 motion to vacate sentence in the Western District of Missouri. *Lamont v. United States*, 4:16-CV-00635-GAF. On January 10, 2017, United States District Judge Gary A. Fenner denied Mr. Lamont's motion to vacate sentence and declined to issue a certificate of appealability. (*Id.*) Subsequently, the United States Court of Appeals for the Eighth Circuit denied his application for a certificate of appealability. *Lamont v. United States*, Case No. 17-1564 (8th Cir. September 18, 2017).

Now, Mr. Lamont, an inmate at the Forrest City Low Federal Correctional Institute, seeks relief from this Court through the filing of a 28 U.S.C. § 2241 habeas Petition. (Doc. No. 1.) For the following reasons, I find this Court lacks jurisdiction and recommend the Petition be dismissed

or transferred to the Western District of Missouri.

## II.     ANALYSIS

Mr. Lamont raises just one argument in his Petition – that he is not a career criminal based on recent holdings by the United States Supreme Court.  Mr. Lamont claims *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), invalidate at least one of the predicate offenses that was used to convict him as a career criminal. (Doc. No. 1 at 7.)

But inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).  Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court.  *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).  In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated.  *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

As a purely practical matter, it is the sentencing court that is in the best position to address Mr. Lamont's claims.  As the Sixth Circuit Court of Appeals aptly said:

> Our decisions indicate that § 2255 is intended to be an avenue of relief to be pursued before the court which imposed sentence.  In *Martin v. Perez*, 319 F.3d 799, 802-3 (6th Cir. 2003), we explained that Congress enacted § 2255 as a means of ensuring a simpler method of review by vesting jurisdiction in the sentencing jurisdiction, which already has a record of the case, rather than in the jurisdiction of confinement, which would typically have to start from scratch.  Section 2255 is not a different form of relief from § 2241, but rather, a different avenue intended to provide a more convenient process for prisoners who can pursue relief before the sentencing court.  *Id*.  The savings clause of § 2255 provides that, on a showing that

>the § 2255 remedy is "inadequate or ineffective to test the legality of the detention," a prisoner may seek a writ of habeas corpus under § 2241.

*Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004).

All of the *Witham* criteria apply here. Having already tried and failed at a § 2255 petition in the Western District of Missouri does not automatically render such a petition ineffective or inadequate as a matter of law. And although his application for a certificate of appealability was apparently previously denied, Mr. Lamont could again apply to the Eighth Circuit for permission to file another § 2255 petition.

For this Court to be permitted to invoke jurisdiction over his § 2241 Petition, Mr. Lamont must *prove* the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). This he has failed to do.

While Mr. Lamont asserts "relief under 28 U.S.C. 2255 is an 'inadequate or ineffective' remedy to test the legality of his detention," he provides no evidence to support this. (Doc. No. 1 at 7.) He claims that relief from the Western District of Missouri is inadequate and ineffective because *Descamps* and *Mathis* "are statutory interpretation cases that could not be invoked in a first-time, timely filed 2255 motion." (*Id.*) But *Mathis* was decided in 2013, and *Descamps* was decided just ten days after Mr. Lamont filed his § 2255 motion and nearly six months before Judge Fenner denied him relief. However, despite these cases being available for Mr. Lamont's petition, other courts have ultimately held that *Descamps* did not recognize a new right. *See United States v. Montes*, 570 Fed. Appx. 830, 831 (10th Cir. 2014); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). And there has been no indication from the Supreme Court or the Eighth Circuit that *Mathis* would allow for the § 2241 relief that Petitioner requests here.

Accordingly, the Eastern District of Arkansas lacks jurisdiction so this Petition must be

dismissed or transferred back to the sentencing court. Because he already sought relief pursuant to § 2255, I recommend dismissal versus transfer.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed for lack of jurisdiction or transferred to the United States District Court for the Western District of Missouri.

DATED this 30th day of August, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE